IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2003

## JOHNNY GANT v. SUNCOM WIRELESS

**Appeal from the Circuit Court for Davidson County**
**No. 02C-467     Barbara N. Haynes, Judge**

_____

**No. M2002-02574-COA-R3-CV - Filed May 20, 2003**

_____

Plaintiff filed pro se a civil warrant in General Sessions Court in Davidson County against Defendant on November 27, 2001. The case was set for February 1, 2002 and at that time was dismissed by the General Sessions Court. Pro se Plaintiff timely appealed to the Circuit Court where Defendant filed a Motion to Dismiss. On August 30, 2002, the Motion to Dismiss was granted and pro se Plaintiff appealed. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Johnny Gant, Nashville, Tennessee, Pro Se.

Ronald G. Harris, Nashville, Tennessee, for the appellee, Suncom Wireless.

### OPINION

We use our best efforts to decipher the writings filed by Plaintiff and treat them as pleadings in order to try to understand what pro se Plaintiff is trying to say.

The civil warrant in general sessions court contains an extensive hand-written narrative which as best we can tell states:

> Disillusion of Service/Contract. Negligence, to point omission, after caught in the rain 8-6-2001 i 8-11-2001. Took the phone to Suncom 37107 Hillsboro Pk. One Brian Hall instead of replacement, he said take it to a service provider. I did, which told me the phone wasn't new but refurbished. They asked if I wanted to purchase a new one. I'd guess they don't re-refurbish. On 4-2001 I inquired to MCI, WC and Cingular Wireless. Returned were denied of service responses. As if they

purpose by neglect to report payment performances or to keep their at least first time customers seemingly wholly due to Suncom's neglect, omissions, failure to report my A-1 payment history that which if reported would abridge the plaintiff from such denial letters of service. The inquiry plan was to free myself from Suncom's outdated service agreement, minimum allowance of minutes, if you go over your bad over limits. You don't use all minutes they're deleted. Unlike Cingular Wireless rollover minutes, Suncom's obligation to replace problem phone, if another problem occurs it's insured to provide first of all. A new phone, and of their contract paragraph 2 to report payment performance to consumer reporting agencies. They fail to comply with their own terms of agreement. Now they say I owe them about $180.00, $100.00 for early termination of contract and $80.00 for service of a frustrating unit that always read delayed call. Then sometimes didn't get through. The signal insurance has agreed to provide another phone via mediation and due to Suncom's acts of illertion/negligence, omission I'm not able to just get go to another provider. Requested is to be released from the just signed forced to subscribe via credit report omissions. 5-16-01. Contract to find a new prepaid provider and a fair just request from this general court. That Suncom do report my payment performance. Requested damages, the return of my $100.00 deposit, plus the three payments made 6-4, 7-4 and 8-4, 2001. And through reckless disregard/heedless indifference/discriminatory practice/reckless indifference, for punitive $7,500.00 for emotional suffering/inconvenience/anguish/loss of enjoyment/convenience or freedoms $7,500.00.

After dismissal by the general sessions court and timely appeal, Plaintiff sent numerous letters to the circuit court that appear in the technical record, and from a reading of all these documents, as best we can determine, Appellant is claiming that his telephone was accidentally exposed to rainfall and Defendant refused to replace it. He is further claiming that he wanted to abrogate his service contract with Suncom and go to MCI or Worldcom or some other provider, but that when he tried to do so other providers were requiring him to make a security deposit. He asserts that the reason the other providers were requiring him to make a security deposit is that Suncom did not affirmatively report to all of them that he had timely paid his monthly bills from Suncom.

Given this situation on August 9, 2002, Defendant filed a T.R.C.P. Rule 12.02(6) Motion to Dismiss for failure to state a claim upon which relief could be granted.

On August 30, 2002, the circuit court entered an order granting the Motion to Dismiss filed by Defendant stating:

> THIS CAUSE came on to be heard on Friday, the 30th day of August, 2002, before the honorable Barbara Haynes, Judge of the Third Circuit Court for Davidson County, Tennessee, upon Motion of Defendant Suncom Wireless for Dismissal of all claims brought against it by the Plaintiff, Johnny Gant, and having fully considered said Motion, the Memorandum of Law in Support of Dismissal, and the entire record

in this cause; and it appearing to the Court that Plaintiff was properly served with a copy of said Motion on August 13, 2002; and that Plaintiff has failed to appear, plead or otherwise defend as provided by the Tennessee Rules of Civil Procedure; the Court is of the opinion that the Motion of Suncom Wireless for Dismissal is well-taken and should be granted. It is, therefore,

ORDERED, ADJUDGED and DECREED that the Motion of Suncom Wireless for Dismissal of all claims brought against it by Plaintiff Johnny Gant shall be, and the same is hereby, GRANTED, and all claims against Defendant Suncom Wireless hereby dismissed, with prejudice.

Plaintiff timely appealed and the case is now before this Court on the technical record without any T.R.A.P. Rule 24 statement of the evidence.

Apparently there never was any evidence presented to the trial court as the T.R.C.P. Rule 12.02(6) Motion was granted and the case dismissed on that basis.

We are left then with the pleadings which are limited to the General Sessions Court warrant and the T.R.C.P. Rule 12.02(6) Motion to Dismiss. If Plaintiff is attempting to state a case for breach of contract, he does not state specifically what the contract obligation of Suncom was or how Suncom breached the obligation. If Plaintiff is seeking to recover in tort he does not state any duty owed to him by Suncom nor a breach of any such duty nor causation in fact nor proximate cause. Under neither contract nor tort principals as far as this record shows in Suncom under any obligation to repair or replace Plaintiff's telephone because it was damaged by rainfall. Suncom is under no obligation, either in contract or in tort, to affirmatively report to competitors that Plaintiff was timely in his monthly payments.

Making every allowance for the pro se status of Appellant, we are simply not able to glean from this record any claim upon which relief can be granted.

The trial court was correct in granting the T.R.C.P. Rule 12.02(6) motion filed by Defendant and the judgment is affirmed.

Costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE